AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

FILED
JAN 2 8 2019
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

In the Matter of the Search of )
)
Marco Polo account that is associated with the following identifiers: Telephone )
Number: +1-618-250-8860, E-mail address: parrisguyton@yahoo.com that is )
stored at premises owned, maintained, controlled, or operated by Joya )
Communications Inc., a company headquartered in San Francisco, California. )
)

Case No. 4:19 MJ 5003 NAB

## APPLICATION FOR A SEARCH WARRANT

I, _____Daniel P. Root_____, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

SEE ATTACHMENT A

located in the ___NORTHERN___ District of ___CALIFORNIA___, there is now concealed

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*  *Offense Description*
18:2251  Exploitation of Children

The application is based on these facts:
SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Daniel P. Root, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/28/19

_____
*Judge's signature*

City and state: St. Louis, MO

Honorable Nannette A. Baker, U.S. Magistrate Judge
*Printed name and title*

AUSA:  Dianna R. Collins

Case: 4:19-mj-05003-NAB   Doc. #:  1   Filed: 01/28/19   Page: 2 of 12 PageID #: 2

FILED
JAN 2 8 2019
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Daniel P. Root, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant for information associated with certain Marco Polo accounts that are stored at premises owned, maintained, controlled, or operated by Joya Communications, Inc. **[Joya]**, a social networking company headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Joya to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the user accounts.

## AGENT BACKGROUND

2. I am a Special Agent with the **Federal Bureau of Investigation (FBI)** and have been for approximately three years. I received my initial training and instruction to become a Special Agent at the FBI Academy located in Quantico, Virginia where I received training concerning violations of the United States criminal statutes. After initial training, I was assigned to the St. Louis Division of the FBI. There, I was assigned a variety of criminal cases which included White Collar Crime, Violent Crimes, and Crimes Against Children. I am currently assigned to the Violent Crimes Against Children / Child Exploitation Task Force, where my duties include investigating crimes against children, including Human Trafficking offenses and the production, possession, and distribution of child pornography. During my tenure as a Special Agent of the FBI, I have been case agent and/or participated in multiple Human Trafficking and Child Exploitation investigations and have received training and instruction in the investigation

of those matters. I have received formal and informal training related to Child Exploitation and Human Trafficking violations throughout my career. In addition, I have experience with investigations utilizing computers, cellular devices, and the Internet as means to further criminal activity involving human trafficking and child exploitation. I have received internal and external computer training. I am certified as a Digital Evidence Extraction Technician (DExT). As an FBI Special Agent, I have led and/or participated in multiple investigations involving the sexual exploitation of children, sexual assaults, and crimes involving victims in the commercial sex industry. Throughout those investigations, I became familiar with how the usage of computers and social media has become commonplace throughout the "criminal world". I have become aware that information stored by social media companies on behalf its subscribers and users can assist law enforcement in criminal investigations.

## PROBABLE CAUSE

3. This case results from an ongoing Human Trafficking and Child Exploitation investigation. As supported by the facts and circumstances set forth below, your affiant believes that Probable Cause exists that PARRIS GUYTON has been involved in the trafficking of human beings to obtain money and other material objects by recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining a person, knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, or any combination of such means, was used to cause a person (or people) to engage in a commercial sex act. Additionally, your affiant believes that probable cause exists that PARRIS GUYTON did direct and cause to be sent exploitative images and/or videos of minors in lewd and lascivious acts. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that

violations of Title 18, United States Code, Sections 2251 (Sexual Exploitation of Children) have been committed by PARRIS GUYTON. There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. From these things, I have learned that:

   a. Individuals involved in the facilitation of sex trafficking operations and production of child pornography commonly use cellular telephones, "smart phones", desktop and notebook computers, and/or other similar electronic devices, to coordinate their illicit activities;

   b. On such devices, these individuals are known to access social media platforms such as Facebook, YouTube, Twitter, Instagram, etc. To further their criminal activities. "Pimping" or the trafficking of human beings is made much more efficient and convenient through social media.

## FACTS

4.   On 14 December 2018, the North County Precinct of the St. Louis County Police Department contacted the FBI St. Louis Child Exploitation Task Force in reference to a potential sexual assault and production of child pornography. Officers from the North County precinct came to the Task Force office at St. Louis County Police Department headquarters in Clayton, MO. The victim, **Minor Victim A,** appeared with her mother and father.

5.   **Minor Victim A** told interviewing Detectives and Agents that she had been sexually assaulted on three occasions by PARRIS GUYTON, who she identified on a photo

3

lineup provided to her. **Minor Victim A** indicated that she originally met PARRIS GUYTON on a social networking app called "Tagged" in or around November 2018. They exchanged telephone numbers and continued conversing via SMS.

6. Approximately two weeks after the initial contact, PARRIS GUYTON instructed **Minor Victim A** to send him photographs of herself unclothed, or he would find where she lives. **Minor Victim A** felt coerced and send photographs of her breasts to PARRIS GUYTON.

7. PARRIS GUYTON subsequently instructed **Minor Victim A** to use the Marco Polo app to send videos of herself in lewd and lascivious acts. The "Marco Polo" app is a social video sharing site in which users may post videos to be viewed by other users.

8. **Minor Victim A** described signing up for Marco Polo by using only her telephone number.

9. **Minor Victim A** consented to a search of her cell phone. Subsequent analysis by your Affiant revealed the presences of numerous notifications via SMS that appear to be sent from the Marco Polo application, alerting the user, **Minor Victim A**, that a Marco Polo video has been sent to her.

10. The analysis of **Minor Victim A**'s cellular telephone further shows text messages sent by PARRIS GUYTON directing **Minor Victim A** to download the Marco Polo app.

11. **Minor Victim A** indicated during interviews with detectives and agents that PARRIS GUYTON would instruct her to masturbate and send the video to him using the Marco Polo application.

12. Your affiant extracted data from PARRIS GUYTON'S cellular device, a black REVVL3 phone. Analysis of the data and interviews with PARRIS GUYON demonstrate that PARRIS GUYTON used Tagged and Marco Polo applications.

4

13. Analysis of the black REVVL3 phone used by PARRIS GUYTON revealed that GUYTON had the Marco Polo application installed on his phone, and that the information on file for his account included his telephone number of +1-618-250-8860, his display name of Mohammed Guyton, and an e-mail address of parrisguyton@yahoo.com.

14. Your affiant extracted data from **Minor Victim A's** phone. Analysis of the data, as well as interviews with **Minor Victim A** demonstrate that she used Tagged and Marco Polo applications. In interviews, she indicated that she used Tagged, and used Marco Polo to send videos at the direction of PARRIS GUYTON.

15. As explained herein, information stored in connection with a Marco Polo account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.

16. Through my investigation, training, and experience, I have learned that the videos sent by **Minor Victim A**, which constitute child exploitative material, were sent through the Marco Polo app to the account controlled by Parris Guyton.

17. In my training and experience, application providers that enable the sharing of videos maintain the videos on their servers for access by their users. As such, the videos associated with the Marco Polo account for PARRIS GUYTON likely were stored on the servers used by the Marco Polo application.

18. Therefore, there is probable cause to believe that the servers controlled by **Joya Communications**, administrators of the Marco Polo app, contain evidence of the federal offenses listed herein.

## STATUTORY AUTHORITY

19. This investigation concerns alleged violations of Title 18, United States Code, Sections 2251, relating to sexual exploitation of children.

20. 18 U.S.C. 2251 prohibits the actions of anyone who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

21. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Joya Communications, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

22. Based on the forgoing, I request that the Court issue the proposed search warrant.

23. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."

24. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## REQUEST FOR SEALING

39. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, e.g., by posting them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

*Daniel Root*
DANIEL P. ROOT
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me on January 28, 2019:

NANNETTE A. BAKER
United States Magistrate Judge
Eastern District of Missouri

7

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Marco Polo account that is associated with the following identifiers:

Telephone Number:     +1 618 250 8860

E-mail address:     parrisguyton@yahoo.com

and is stored at premises owned, maintained, controlled, or operated by Joya Communications Inc., a company headquartered in San Francisco, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be disclosed by Joya Communications, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Joya Communications Inc. ("Joya"), including any messages, records, files, logs, or information that have been deleted but are still available to Joya, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Joya is required to disclose the following information to the government for each user ID listed in Attachment A:

(a) All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, passwords, security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

(b) All activity logs for the account and all other documents showing the user's activities;

(c) All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that reference or are sent to that user ID;

(d) All other records of communications and messages made or received by the user, including all private messages, chat history, and video calling history;

(e) All IP logs, including all records of the IP addresses that logged into the account;

(f) All past and present lists of friends created by the account;

(g) The types of service utilized by the user;

(h)   The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(i)   All privacy settings and other account settings.

II. **Information to be seized by the government**

(a) All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 2251 (Sexual Exploitation of a Minor) involving PARRIS GUYTON since December 1, 2014, including, for the user identified on Attachment A, information pertaining to the following matters: The employment, use, persuasion, inducement, enticement, or coercion for any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct.

(b) Evidence indicating how and when the Marco Polo account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Marco Polo account owner;

(c) Evidence indicating the Marco Polo account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Joya Communications, Inc., and my official title is _____. I am a custodian of records for Joya Communications, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Joya Communications, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Joya Communications, Inc.; and

    c.    such records were made by Joya Communications, Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                                     Signature